446 F.2d 862
 Thomas G. SEXTON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 71-1495 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of N.Y. et al., 431 F.2d 409, Part I
(5th Cir. 1970).
 United States Court of Appeals, Fifth Circuit.
 Aug. 19, 1971.
 
 Thomas G. Sexton, pro se.
 Robert W. Rust, U.S. Atty., George A. Kokus, Asst. U.S. Atty., Miami, Fla., for respondent-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is taken from an order of the district court denying, without a hearing, the motion of a federal prosoner to vacate his sentence pursuant to 28 U.S.C.A. 2255 (1971). We affirm.
 
 
 2
 Sexton challenges his 1966 guilty plea convictions on a two-count indictment charging him with uttering and publishing forged United States postal money orders in violation of 18 U.S.C.A. 500, for which he is serving consecutive five year sentences. He was represented at this proceeding by privately retained counsel. Under F.R.Crim.P. 20, he pled guilty at the same time to 19 additional counts for similar offenses consolidated from seven other judicial districts. The sentences in the Rule 20 cases, none of which exceeded five years, were made to run concurrently with the first of the two sentences here under attack, and all have been fully served.
 
 
 3
 In his motion to vacate sentence, Sexton alleged that (1) he lacked understanding of the maximum penalties which were cumulatively possible as a result of the charges against him; (2) he was denied the right of allocution; (3) he was not informed by the court of his right to appeal; (4) the presentence report was prejudicial; and (5) his guilty plea was coerced by an unkept promise by a postal inspector for a light sentence. The district court in the present 2255 proceedings found from the record that appellant was aware of the maximum penalties which could be imposed, that he was not denied his right of allocution, and that his guilty plea was not coerced. The court also found that the remaining allegations presented no substantial grounds for relief and that no hearing was required.
 
 
 4
 Our reading of the record reveals no clear error in these findings. In questioning which was expressly related to each count, Sexton assured the trial judge who accepted his pleas that he was aware of the maximum to which he could be sentenced, and in his 2255 motion he stated that he knew at that time this maximum was five years. Since he unequivocally pled guilty to twenty-one separate offenses, his contention that he believed this single maximum was also the cumulative maximum for all of his separate pleas is incredible. The record further reveals clear statements by Sexton to the trial court that his guilty pleas were voluntary and not coerced or induced by any promises as to sentences. It also shows that he was not denied the right of allocution, but was given the opportunity to address the court in mitigation of sentence and availed himself of that opportunity by making a lengthy statement.
 
 
 5
 Since Sexton pled guilty and was represented by privately-retained counsel, the court was under no obligation to so advise him of the right to a direct appeal. His complaints regarding the pre-sentence report are purely speculative, since he admits he has not seen the report. The sentencing court had no duty to conduct an independent investigation of Sexton's past, and the habeas court had no duty to permit an adversary hearing into these matters.
 
 
 6
 There being no clear error in the findings of the district court and no error in its application of the law, the judgment below is
 
 
 7
 Affirmed.